UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

STATE OF ALABAMA : 
 : ss.  **A F F I D A V I T**
 :
COUNTY OF MOBILE : 20-102-B

I, J. Mark Phillips, being duly sworn, depose and state:

I am a Special Agent with Homeland Security Investigations (HSI). I am presently assigned to the Office of the Resident Special Agent in Charge in Mobile, Alabama (RAC Mobile). I have been so employed with HSI since June 2010. As part of my daily duties as an HSI Special Agent, I investigate criminal violations relating to the national security of the United States such as drug smuggling, arms trafficking, financial crimes, including money laundering and bulk cash smuggling. I am authorized by the Homeland Security Act of 2002 to perform the duties provided by law and regulation and empowered to conduct investigations of offenses against the United States; conduct searches without warrant at the border or its functional equivalent; conduct inquiries related to alienage and removability; execute and serve search and arrest warrants; serve subpoenas and summonses; administer oaths; make arrests without warrant; require and receive information relating to offenses; and bear firearms.

This Affidavit is made in support of an application for the issuance of an arrest warrant for **Lenny Daniel GOMEZ-CASTELLON, Vladimir RIVAS-RIVAS, and Rudy Mena ANCHIA.** I am familiar with the information contained in this Affidavit based upon my involvement in this investigation and based on information provided by other law enforcement officers.

Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant, this affidavit may not include every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 46 U.S.C., Sections 70503 and 70506 by **Lenny Daniel GOMEZ-CASTELLON, Vladimir RIVAS-RIVAS, and Rudy Mena ANCHIA** exist.

Title 46 U.S.C. 70503 makes it a crime to Manufacture, distribute, or possess a controlled substance on vessels. (a) Prohibitions. - An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States. Title 46 U.S.C. 70506 makes it a crime to conspire to violate Title 46 U.S.C. 70503.

As a result of the investigation described more fully below, there is probable cause to believe that **Lenny Daniel GOMEZ-CASTELLON, Vladimir RIVAS-RIVAS, and Rudy Mena ANCHIA** conspired to and knowingly or intentionally manufactured or distributed, or possessed with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States in violation of Title 46 U.S.C. Sections 70503 and 70506.

The United States Coast Guard (USCG) has the authority under 14 U.S.C 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and water over which the United States has jurisdiction, to enforce federal laws.

On November 9, 2020 while on routine patrol in the Eastern Pacific Ocean, the United States Coast Guard Cutter (USCGC) James was notified by a USCG Aircraft of a target of interest (TOI) go-fast vessel (GFV) in international waters approximately 64 nautical miles south

of Coiba Island, Panama. The CGC James took actions which led to the GFV being intercepted. An Over the Horizon (OTH) vessel was deployed with a USCG Boarding Team. An OTH is a cutter deployed rigid-hulled inflatable boat. Once deployed, the OTH encountered the GFV and the boarding team gained positive control without the use of force.

The boarding team conducted a Right of Visit (ROV) boarding of the GFV and confirmed there were three persons on board the GFV along with fuel drums and multiple packages on the deck of the GFV. The packages on the deck of the GFV contained suspected cocaine. The vessel displayed no indicia of nationality. ROV questioning of the crew by the USCG Boarding Team led to a claim of Costa Rican nationality for the vessel. Upon checking with Costa Rican authorities, Costa Rica could neither confirm nor deny the nationality of the vessel. Upon receiving this information from Costa Rican authorities, a statement of no objection (SNO) was issued by USCG District 11 to treat the vessel as without nationality (TWON) and a full law enforcement boarding was conducted. USCG District 11 also authorized the CGC James to treat the three crewmembers as detainees.

The three detainees claimed nationalities of Nicaraguan, Costa Rican, and Colombian. The boarding team completed two NIK narcotics' field tests of the suspected contraband which yielded two positive results for cocaine. The CGC James ultimately seized twenty-four bales of suspected cocaine. The USCG determined the at-sea weight of the twenty-four bales of suspected cocaine to be six hundred ninety-five (695) kilograms.

Based on the foregoing, the Affiant believes that there is probable cause to believe that **Lenny Daniel GOMEZ-CASTELLON, Vladimir RIVAS-RIVAS, and Rudy Mena ANCHIA** did knowingly and intentionally violate the provisions of Title 46 U.S.C., Sections 70503 and 70506.

This Affiant respectfully requests that this Court issue an arrest warrant for **Lenny Daniel GOMEZ-CASTELLON, Vladimir RIVAS-RIVAS, and Rudy Mena ANCHIA.**

*J. Mark Phillips*
Special Agent Mark Phillips
Department of Homeland Security
Homeland Security Investigations (HSI)

THE ABOVE AGENT HAD ATTESTED TO THIS AFFIDAVIT PURSUANT TO FED. R. CRIM. P. 4.1(b)(2)(B) THIS __27__ DAY OF NOVEMBER, 2020

*Sonja F. Bivins*
SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE